UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC HOOTEN | : | |
|     Petitioner | : | CRIMINAL NO. |
| v. | : | 3:02-cr-278 (JCH) |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | NOVEMBER 10, 2004 |
|     Respondent. | : | |

**RULING ON MOTION TO VACATE SENTENCE [DKT. NO. 70]**

The petitioner, Eric Hooten, moves this court to vacate his sentence under section 2255 of title 28 of the United States Code. Hooten argues that his counsel was ineffective in that counsel failed to file a timely notice of appeal following Hooten's express request that counsel do so.

**I.   FACTS**

On October 2, 2002, a federal grand jury returned an indictment charging the Hooten with conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin in violation of Title 21 of the United States Code, sections 841(a)(1) and 841(b)(1)(B)(I) and possession with intent to distribute 100 grams or more of heroin in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(I) and Title 18, United States Code, section 2. On February 12, 2003, the defendant pled guilty to Count Five of the October 2, 2002 indictment, which charged him with possession with intent to distribute 100 grams or more of heroin.

On May 1, 2003, this court sentenced the Hooten to a term of 151 months imprisonment to be followed by a term of three years supervised release.

Hooten filed a Notice of Appeal on July 7, 2002. On September 22, the Second Circuit Court of Appeals determined <u>sua sponte</u> that it lacked jurisdiction over Hooten's appeal because the Notice of Appeal was untimely pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure and, therefore, dismissed the appeal. Hooten subsequently filed the pending motion to vacate his sentence, pursuant to section 2255 of title 28 of the United States Code ("Section 2255").

## II.  DISCUSSION

Hooten moves to vacate, set aside, or correct his sentence pursuant to Section 2255 which provides that,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28. U.S.C. § 2255. In general, such a remedy is available "only for constitutional error, a lack of jurisdiction in the sentencing court, or error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)). This narrow scope of review is intended to "preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." <u>Graziano v. United States</u>, 83 F.3d 587, 590 (2d Cir. 1996). In most circumstances, prisoners seeking habeas relief must prove not only that constitutional violations

occurred at trial, but also that such errors caused substantial prejudice or a fundamental miscarriage of justice. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Section 2255 also provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. If, the facts as alleged by Hooten, even if credited, would not entitled him to habeas relief, the motion should be denied, and no hearing would be required. Ciak v. United States, 59 F.3d 296, 307 (2d Cir. 1995).

Where Hooten's basis for his claim is ineffective assistance of counsel, premised on the allegation that counsel failed to file a timely Notice of Appeal, he must satisfy the two-part test set out by the Supreme Court in Strickland v. Washington in order to obtain relief. 466 U.S. 668 (1984). Under Strickland the petitioner must first show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. Second, the petitioner must show that counsel's deficient performance caused prejudice to the petitioner. Id. at 694. In the case where, as here, the petitioner's ineffective assistance claim is based on the failure to file a timely Notice of Appeal, whether a lawyer's failure to file such notice is unreasonable is guided by the factors described in Roe v. Flores-Ortega. 528 U.S. 470 (2000). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the

3

defendant's express instructions with respect to an appeal." Roe, 528 U.S. at 478. Where counsel does not consult with his client, the inquiry turns on "whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. Furthermore, "counsel has a constitutionally imposed duty to consult with the defendant about appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. In this context, in order to meet the second prong of the Strickland test, a showing of prejudice, a petitioner need not demonstrate that an appeal would have been successful. Instead, he need only show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

### A. Waiver of Rights Under the Plea Agreement

Hooten's plea agreement includes a waiver of his right to appeal or collaterally attack either his conviction or sentence so long as the sentence imposed by the court did not exceed 188 months: "It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 188 months . . . ." Plea Agreement Letter as to Eric Hooten [Dkt. No. 42], February 12, 2003. The sentence imposed by this court, 151 months, did not exceed the cap provided for in this portion of the plea agreement and, therefore,

absent a demonstration that the waiver was invalid, it is binding on Hooten.

"A waiver [of an important right, such as the right to appeal] must be made knowingly and voluntarily." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997). Hooten has not argued, however, that his waiver was either unknowing or involuntary. Absent a showing that the waiver was invalid, Hooten's instant petition must be barred because his right to bring it was waived in the plea agreement. Like a waiver of the right to appeal, a waiver of the right to collaterally attack a sentence provides sufficient basis to dismiss the petition for habeas corpus relief. United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (finding that "[i]t is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.") (internal citations omitted); see also Campusano v. United States of America, 2004 WL 1824112 (S.D.N.Y. 2004) (holding that "[a] defendant's waiver of his right to appeal and/or collaterally attack his sentence is generally enforceable as long as the record contains sufficient evidence to establish that the defendant knowingly and voluntarily waved these rights."); Jiminez v. United States, 262 F.Supp.2d 85, 88 (S.D.N.Y. 2003) (holding that waiver provision in plea agreement required court to dismiss petitioner's section 2255 motion); Alcantara v. United States of America, 2003 WL 102873 (S.D.N.Y. 2003) (dismissing motion to vacate sentence on the basis that petitioner had waived the right to bring the motion under the terms of the plea agreement).

B.    **Ineffective Assistance of Counsel**

Even if Hooten had not waived his right to bring a 2255 petition, the petition would be without merit. Hooten argues that his attorney's failure to file a timely Notice of Appeal constitutes ineffective assistance of counsel and thus, provides grounds for the instant petition to vacate, set aside, or correct his sentence.

In order to make a showing of ineffective assistance of counsel, Hooten must demonstrate that his attorney's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Hooten waived his right to appeal and does not in the instant petition allege that his waiver of rights was invalid. Therefore, it is highly unlikely that his attorney's failure to file a Notice of Appeal was unreasonable. "[A]n attorney cannot be faulted for failure to pursue an appeal that was legally barred." Hargrove v. United States of America, 2004 WL 2123497, at *3 (W.D.N.Y. August 10, 2004), citing Jackson v. United States, 2002 WL 1968328, at *1 (S.D.N.Y. August 26, 2002); see also Alcantara v. United States of America, 2003 WL 102873 (S.D.N.Y. January 10, 2003) (holding that the petitioner "waived his right to an appeal and is therefore precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal" despite allegation that petitioner specifically requested that counsel do so) (internal citations omitted); Jalaoso v. United States of America, 142 F.Supp.2d 306, 308 (E.D.N.Y. 2001) (finding that "[g]iven that petitioner pled guilty, received a sentence lighter than the sentence estimated in the plea agreement, and the plea agreement expressly waived appeal rights, it is unlikely that petitioner could show

6

counsel was unreasonable in failing to file an appeal" despite allegation that petitioner expressly instructed counsel to do so).

Had Hooten shown that counsel acted unreasonably, he would then have to demonstrate that prejudice resulted. The Supreme Court has held that a petitioner need not demonstrate that an appeal would have been successful; prejudice exists "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." Roe, 528 U.S. at 484; see also McHale v. United States, 175 F.3d 115, 118 ("requiring a pro se litigant on a section 2255 motion to demonstrate the merit of a hypothetical appeal would undermine the right to counsel enjoyed by every criminal defendant on direct appeal").

Whether an appeal would have been successful is not dispositive. Petitioner need only demonstrate that he would have appealed were it not for his counsel's unreasonable performance. The "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice." Roe, 528 U.S. at 483. In the instant case, petitioner demonstrated that he did not want to appeal and, indeed, gave away his right to do so. The judicial proceeding in question, an appeal, was not one "to which he was otherwise entitled." Id. at 485. The "presumption of prejudice," therefore, is not appropriate under these circumstances.

In addition, while not dispositive, the merits of Hooten's appeal may be relevant. "[W]hether a given defendant has made the requisite showing [of prejudice] will turn on

the facts of a particular case." Roe, 528 U.S. at 485. Relevant factors to be considered in the course of determining whether the defendant was prejudiced, for example, include "evidence that there were nonfrivolous grounds for appeal." Id. In the instant case, Hooten argues that "a mere inability to identify nonfrivolous grounds for appeal does not automatically preclude a defendant from showing prejudice, particular when a habeas petition is filed by an indigent, pro se defendant." Petitioner's Memo. of Law in Supp. of His Mot. to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. §2255 [Dkt. No. 70], at 19. It is true that Hooten's failure to alert the court to the potential grounds of an appeal of his sentence does not preclude a finding of prejudice. Roe, 528 U.S. at 486. Nevertheless, in the instant case, Hooten's inability to appeal his sentence stemmed not only from his counsel's failure to file a timely Notice of Appeal, but also from the fact that Hooten waived his right to appeal. Absent a showing that his waiver of his right to appeal was invalid, Hooten cannot demonstrate that his attorney's failure to file a Notice of Appeal was prejudicial. See Lopez v. United States, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002) (finding that petitioner could not "show that counsel's failure to file a notice of appeal caused him to forfeit an appeal he 'otherwise would have taken,' because he had already knowingly and voluntarily forfeited that right in his plea agreement."); Jolaoso, 142 F.Supp.2d at 309 ("any presumption of prejudice that arises, under Roe, when a violation of the right to effective assistance of counsel renders a proceedings nonexistent is overcome by the fact that while petitioner had a statutory right to appeal, he knowingly and voluntarily waived that right.").

### III.    CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate [Dkt. No. 70] is hereby denied.  Furthermore, the court ORDERS that, should petitioner wish to move to reopen in order to amend his petition to allege that his waiver of the rights to appeal and collaterally attack his sentence was not knowing and voluntary, or was otherwise invalid, he must do so within 30 days of this ruling.  Because reasonable jurists could disagree whether Hooten's counsel's failure to file a Notice of Appeal upon an express request that he do so was per se unreasonable and whether that failure prejudiced the client, petitioner is granted a certificate of appealability with respect to that question if he decidees not to move to reopen.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of November, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge