UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC HOOTEN, | : | |
|     Petitioner, | : | CASE NOS. |
| v. | : | 3:02-cr-278(JCH) |
| | : | |
| UNITED STATES OF AMERICA, | : | MARCH 23, 2005 |
|     Respondent. | : | |

**ORDER RE: INQUIRY LETTER [DKT. NO. 85] REGARDING RULING ON MOTION TO VACATE SENTENCE [DKT. NO. 82]**

On October 2, 2002, a federal grand jury returned an indictment charging Eric Hooten with conspiracy to possess with intent to distribute 100 grams or more of heroin in violation of Title 21 of the United States Code, sections 841(a)(1) and 841(b)(1)(B)(I) and possession with intent to distribute 100 grams or more of heroin in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(I) and Title 18, United States Code, section 2. On February 12, 2003, the defendant pled guilty to Count Five of the October 2, 2002 indictment, which charged him with possession with intent to distribute 100 grams or more of heroin.

On May 1, 2003, this court sentenced the Hooten to a term of 151 months imprisonment to be followed by a term of three years supervised release.

Hooten filed a Notice of Appeal on July 7, 2002. On September 22, the Second Circuit Court of Appeals determined *sua sponte* that it lacked jurisdiction over Hooten's appeal because the Notice of Appeal was untimely pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure and, therefore, dismissed the appeal. Hooten subsequently filed a motion to vacate his sentence [Dkt. No. 70], pursuant to section

2255 of title 28 of the United States Code ("Section 2255").  Hooten argued that his counsel was ineffective in that counsel failed to file a timely notice of appeal following Hooten's express request that counsel do so.

On November 10, 2004, this court denied Hooten's Section 2255 motion.  The court granted Hooten the right to reopen his petition within 30 days to amend it to allege that his waiver of the rights to appeal and collaterally attack his sentence was not knowing and voluntary, or was otherwise invalid.  The court also granted Hooten a certificate of appealability, should Hooten decide not to move to reopen, on the issue of whether Hooten's counsel's failure to file a Notice of Appeal upon an express request to do so was *per se* unreasonable and whether that failure prejudiced Hooten.

On March 17, 2005, the court received a letter [Dkt. No. 85] from Hooten requesting an update on the status of his Motion to Vacate.  The court's denial of Hooten's motion was filed electronically and, apparently, due to clerical error, Hooten, a prisoner, did not receive a copy of it or any notice that it had been rendered.  Accordingly, the Clerk is ordered to send a copy of the court's Ruling on Motion to Vacate Sentence [Dkt. No. 82] to Hooten.

The court will treat petitioner's letter of inquiry as a Motion to Extend the time to file a Notice of Appeal under F. R. App. P. 4a(5)a(2), which the court grants to April 22, 2005.  Any issue arising from the Ruling on Motion to Vacate Sentence is considered preserved for the purposes of appeal so long as such appeal is taken by the filing of a Notice of Appeal no later than April 22, 2005. Additionally, all deadlines set in

the Ruling on Motion to Vacate Sentence are tolled from the time that ruling was issued until the issuance date of this ruling. Thus, Hooten also has 30 days from today to move to reopen to amend.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of March, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge