FORM 1

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.    CIVIL CASE NO. 3:02-CR-278 (JCH)

ERIC HOOTEN

## NOTICE OF APPEAL

1. Pursuant to F. R. A. P. 4(a)(1), __Eric Hooten__ hereby gives notice and
   (appealing party)
appeals to the United States Court of Appeals for the Second Circuit from the following Judgment or Order (attach the Judgment or Order): See Attached

2. The Judgment /Order in this action was entered on __October 25, 2006__
   (date)

_Eric Hooten_
**Signature**

Eric Hooten
**Print Name**

PO Box 300 - Unit B1
Waymart PA 18472
**Address**

Date: 11/9/06

**Telephone Number**

Note: You may use this form to take an appeal provided that it is received by the Office of the Clerk of the U.S. District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC HOOTEN,<br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent | :<br>:<br>:　CIVIL ACTION NO.<br>:　3:02-cr-278 (JCH)<br>:<br>:<br>:　OCTOBER 23, 2006 |

**RULING REGARDING PETITIONER'S SECOND AMENDED
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 94]**

The petitioner, Eric Hooten, moves this court to vacate his sentence under § 2255 of title 28 of the United States Code. Hooten argues that his waiver of the rights to appeal and collaterally attack his sentence was not knowing and voluntary.

**I.　FACTS**

On October 2, 2002, a federal grand jury returned an indictment charging Hooten with conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin in violation of Title 21 of the United States Code, §§ 841(a)(1) and 841(b)(1)(B)(I) and possession with intent to distribute 100 grams or more of heroin in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(I) and Title 18, United States Code, § 2. On February 12, 2003, the defendant pled guilty to Count Five of the October 2, 2002 indictment, which charged him with possession with intent to distribute 100 grams or more of heroin.

On May 1, 2003, this court sentenced Hooten to a term of 151 months imprisonment to be followed by a term of three years supervised release.

1

Hooten filed a Notice of Appeal on July 7, 2002. On September 22, 2003, the Second Circuit Court of Appeals determined sua sponte that it lacked jurisdiction over Hooten's appeal because the Notice of Appeal was untimely pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure and thus dismissed the appeal. Hooten subsequently filed his first motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. The court denied his pro se motion with leave for him to move to reopen it in order to amend his petition to address the voluntariness of his waiver of appeal [Doc. No. 82].

## II.  STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).

## III.  DISCUSSION

Hooten's plea agreement includes a waiver of his right to appeal or collaterally attack either his conviction or sentence so long as the sentence imposed by the court did not exceed 188 months: "It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that

2

sentence does not exceed 188 months . . . ." Plea Agreement Letter as to Eric Hooten [Doc. No. 42], February 12, 2003. The sentence imposed by this court, 151 months, did not exceed the cap provided for in this portion of the plea agreement and, therefore, absent a demonstration that the waiver was invalid, it is binding on Hooten.

"A waiver [of an important right, such as the right to appeal] must be made knowingly and voluntarily." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997). The Second Circuit has held that courts "must scrutinize waivers closely and apply them narrowly." United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996). To be an enforceable waiver of appeal rights, "the record [must] 'clearly demonstrate[]' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." Id. at 557.

If valid, a waiver of the right to appeal and to collaterally attack a sentence provides sufficient basis to dismiss the petition for habeas corpus relief. United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (finding that "[i]t is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.") (citations omitted); see also Campusano v. United States of America, 2004 WL 1824112 (S.D.N.Y. 2004) (holding that "[a] defendant's waiver of his right to appeal and/or collaterally attack his sentence is generally enforceable as long as the record contains sufficient evidence to establish that the defendant knowingly and voluntarily waved these rights."); Jiminez v. United States, 262 F.Supp.2d 85, 88 (S.D.N.Y. 2003) (holding that waiver provision in plea agreement required court to dismiss petitioner's section 2255 motion); Alcantara v. United States of America, 2003 WL 102873 (S.D.N.Y. 2003) (dismissing motion to

3

vacate sentence on the basis that petitioner had waived the right to bring the motion under the terms of the plea agreement). Thus, absent a showing that the waiver was invalid, Hooten's instant petition must be barred because his right to bring it was waived in the plea agreement.

Hooten claims that he and his attorney never discussed the appeal waiver included in the "new" plea agreement that was settled on the morning of Hooten's guilty plea. See Hooten Mem. at Hooten Aff. ¶ 4. He argues that he did not get a chance to read the new plea agreement himself before being brought into court, that he did not understand what "collaterally attack" meant, and that he did not understand the potential consequences of waiving these rights. Id. at ¶ 5. "If I had understood what waiving my right to appeal and collaterally attack my sentence meant, I would not have agreed to waive those rights." Id. at ¶ 7.

The record of the plea colloquy, however, contradicts the defendant's assertion that he did not understand the appeal waiver before entering his guilty plea. During the colloquy, this court inquired of Hooten whether he had read the plea agreement before signing it, and whether he did so "voluntarily and without any coercion." See Transcript ("Tr.") at 18. Hooten stated that he had read it and understood it, and that he had no questions left about the agreement. Id. at 17-18. The only indication of his lack of understanding was his response of "vaguely" to the court's first time of asking whether Hooten knew what it meant to take an appeal. See id. at 10. However, the record shows that the court explained it to him in detail and asked him numerous times afterwards if he understood. See id. at 11-13, 17-19, 21, 33. Indeed, the court gave the defendant many opportunities to ask questions to the court or his counsel about the

4

proceedings or his case, and the last time the court asked whether he was "sure" that he had no further questions the defendant's response was "positive." Id. at 33-34.

Thus, the record clearly shows that, even if Hooten believes his attorney did not sufficiently explain to him his waiver of appeal rights in the plea agreement, the court thoroughly reviewed the specific terms of the agreement and ensured that the defendant was waiving his rights knowingly and voluntarily. Based on the record before the court, Hooten clearly indicated that he was fully aware of the decision he was making. "This testimony carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." U.S. v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). Thus, the court will enforce the waiver of the right to file a § 2255 petition set forth in Hooten's plea agreement.

## V.   CONCLUSION

For the foregoing reasons, the court DENIES the petitioner's Second Amended Motion to Vacate, Set Aside or Correct Sentence **[Doc. No. 94]**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of October, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

5