IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2008 MAY -5 P 2:21
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

ERIC HOOTEN,

    PETITIONER,

v.

UNITED STATES OF AMERICA,

    RESPONDENT.

DOCKET NO.: 3:02CR00278(JCH)
HONORABLE JANET C. HALL, USDJ

MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2), WITH INCORPORATED MEMORANDUM.

    Comes Now, the Petitioner, Eric Hooten, acting pro se, moves this Honorable Court of the United states district Court for the District of Connecticut, to reduce his sentence of 151 months, pursuant to the United States Sentencing Commission's Amendment 706, which reduced penalities for crack cocaine offense and those related offenses under § 2D1.1 Drug Quantity Table. A memorandum in support of this motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

*Eric Hooten*

Eric Hooten, pro se
Reg. No. 14881-014
USP Canaan
PO Box 300
Waymart, PA 18472

## JURISDICTION

Jurisdiction is conferred upon this court under 18 U.S.C. § 3582(c)(2), which authorizes this court to modify the petitioner's sentence based on Amendment 706 of the United States Sentencing Guidelines("U.S.S.G."). Section 3582 provides in pertinent part that:

> "In the case of a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, or the Director of the Bureau or own its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable to policu statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Furthermore, a reduction is consistent with the policy statements of the Sentencing Commission if the Amendment created the reduction is included in the list of Amendments to be applied retroactively, enumberated in the Commission's Policy Statement of U.S.S.G. § 1B1.10, which provides:

> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an Amendment to the Guidelines Manual listed in Subsection(C), below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the Amendments listed in Subsection(C) is applicable a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized." U.S.S.G. § 1B1.10(a). See United States v. Kinder, 64 f.3d 757, 758(2d Cir. 1995).

Clearly, Subsection (C) of § 1B1.10 explicity includes Amendment 706, which the United States Sentencing Commission

voted unanimously to apply Amendment 706 retroactive for crack cocaine offenses. Accordingly, this Honorable Court has Jurisdiction to hear this instant motion under 18 U.S.C. § 3582(c)(2).

## BACKGROUND

On May 1, 2003, after a guilty plea, the petitioner was sentenced to a term of imprisonment of 151 months in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C), which was Count Five of a Six -count indictment, Possession With Intent to Distribute Heroin. The petitioner's sentence was adopted by the District Court from the Probation Department's Pre-sentence Report("PSR"). The petitioner was found guilty of at least 80 grams but less than 100 grams of heroin. The petitioner was responsible for 98.9 grams, which led to a Base Offense Level of 24, but because of two prior drug offenses, the court deemed the petitioner a Career Offender in accordance with § 4B1.1 of the U.S.S.G. and because the imnstant offense carried a maximum term of imprisonment of 20 years, the petitioner's Base Offense Level was adjusted to level 32, with three level deducted for Acceptance of Responsibility, the petitioner was sentenced at a Base Offense Level of 29 and a Criminal History Category of VI. Subsequently, the petitioner was sentenced at the "low-end" of the Guidelines, because the District Court Judge stated that if the petitioner's record was not lengthy he would have received a sentence of about 5 to 6 years.

### PETITIONER CONTENDS THAT THE COURT SHOULD RECALCULATE HIS SENTENCE BASED ON AMENDMENT 706.

Petitioner contends that the court should recalculate his sentence based on Amendment 706 to the United States Sentecning Guidelines. This Amendment lowered the penalties for some crack cocaine offenses by two levels. The Amendment was made effective on November 1, 2007 and made retroactive on March 3, 2008, which makes it retroactively applied to the petitioner's case. In addition, under Amendment 706, the United States Sentencing Commission unanimously agreed that the purpose of this Amendment is to address a fundamental unfairness of the crack/powder disparity. As the Honorable Judge Walton stated on page 44 at the hearing:

> "The purpose of this amendment is to provide relief from problems associated with the 100 to one ratio, that, in the commission's own words are so urgent and compelling that interim relief is warranted."

While the petitioner has a Heroin case, the qualifying felonies that were used against him to make him a Career Offender were crack cocaine offense. Therefore, the petitioner asserts that he is entitled to a reduction in his sentence, since Amendment 706 is only a partial step in mitigating the unwarranted sentencing disparity that exists between federal powder and crack coaine defendant's. As the Sentencing Commission recognized at the November 13, 2007 Public Hearing on retroactivity. If left uncorrected, this would seriously affect the fairness, integrity and public reputation of all judicial proceedings.

### PETITIONER ASSERTS THAT SINCE AMENDMENT 706 LOWERS THE PENALTIES FOR CRACK COCAINE OFFENSE, THE QUALIFYING FELONIES USED FOR AN ENHANCED SENTENCE NOW FAIL TO QUALIFY AS "SERIOUS DRUG OFFENSES" FOR PURPOSES OF §4B1.1.

Petitioner argues that, although he was sentenced as a career offender, the guideline range prescribed by § 2D1.1 is relevant to his sentence and that Amendment 706 therefore triggers authority to reduce the sentence under § 3582. The Petitioner asserts that, when sentencing a career offender, a court compares the § 4B1.1 career offender sentence with a non-career offender sentence under § 2D1.1. This comparison may bear on the Judge's choice of what sentence from within the guideline range to reder. The petitioner asserts that, because the comparison between career and non-career offender sentences has been affected by Amendment 706, hs is entitled to a resentencing. Section 4B1.1 application note 2, expressly provides that the instant and prior offenses must be crimes of violence or controlled substances offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purpose of § 4B1.1(career offender), the offense of conviction(i.e., the conduct of which the defendant was convicted) is the focus of inquiry.

Beacuse Amendment 706 lowers the penalties for crack cocaine offense, the petitioner's prior drug offense cannot withstand the scrutiny of being a "qualifying felony". See <u>Mallett v. United States</u>, 334 f.3d 491, 499(6th Cir. 2003)(approving District Court's application of <u>Morton</u> where, under new state

sentencing scheme, defendant's prior drug offenses were no longer subject to ten-year sentences). It is clear that the offenses used by the court are no longer qualifying felonies. even prior to Amendment 706, those offense were, at the most, simple possessions. The December 17, 1997 conviction that was used to enhance the petitioner, showed from the record that it may not have been the petitioner who actually sold the alleged drugs. Possession may be either actual or constructive and may be joint among several people. "Constructive possession has been defined as **ownership, dominion, or control over the contraband, or over the vehicle in which the contraband was concealed.**" United States v. Gonzalez-Lira, 936 f.2d 184, 192(5th Cir. 1991). Furthermore, there was only 1.3 grams of crack coaine. A quantity of drugs consistent with personal use does not raise an inference of intent to distribute in absence of additional evidence. See Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 656, 24 L. Ed. 2d 610(1970) (14.68 grams of cocaine insufficient to sustain a conviction for distribution). Such a quantity of a controlled substance, however, is sufficient when augmented by the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance. It is clear from the record that neither of the above references applied to the petitioner on the December 17, 1997 prior conviction. The October 2, 1995 conviction was hardly that of a distribution offense which would lead to a qualifying felony. A drug amount was never determined, nor was the petitioner exposed to a sentence of more than one year. The PSR only gave

the petitioner two points in the Criminal History scoring, therefore eliminating that offense as an qualifying felony. Again, on June 5, 1998, the petitioner was arrested and the amount of 3.4 grams of crack cocaine was found. Under Amendment 706, this relativity small amount of crack cocaine would not even register as a felony under the Sentencing Commission's Amendment.

Under United States v. Booker, 453 U.S. 220, the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district court judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-guidelines sentence is "greater than necessary" to serve the objectives of Section 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses. (quoting Kimbrough v. United States, 128 S. Ct. 558(2007). In United States v. Swiderski, 548 f.2d 445(2d Cir. 1977), the jury found all the elements of simple possession in rendering it's verdict, and the Court of Appeals for the Second Circuit were empowered under 28 U.S.C. § 2106 to reduce the defendant's 841 conviction to a Section 844 conviction, which was a lesser included offense.

In Gall v. United States, 128 S. Ct. 586, 169 L.Ed. 2d 445(2007), the Court held that in departing from the Guidelines, the District Court does not have to employ the "extraordinary circumstances" prong. The Supreme Court stated:

"A district judge must consider the extent of any

departure from the Guidelines and must explain the appropriateness of an unusally lenient or harsh sentence with sufficient justifications. An appellate court may take the degree or variance into account and consider the extent of a deviation from the Guidelines, but it may not require "extraordinary" circumstances or employ a rigid mathematical formula using a departure's precntage as the standard for determining the strength of the jusification required for a specific sentence." (<u>Gall</u>, Syllabus).

Therefore, the petitioner is humbly requesting this Honorable Court to modify his sentence to the original sentence computation without the career offender enhancements, because Amendment 706 invalidates the prior offenses as qualifying felonies for purposes of § 4B1.1. The petitioner asserts that he should be sentenced at a Base Offense Level of 24, with a three level reduction for Acceptance of Responsibility, making his total Base Offense Level at 21, with a Criminal History Category of VI and a sentencing range of 77-96 motnhs. The petitioner requests that the court, once again, sentence him at the low-end of the Guidelines, which is 77 months.

## CONCLUSION

For the reasons stated above and the Sentencing Commission's Amendment 706, the petitioner humbly and respectfully requests that this Honorable Court modify his sentence.

Respectfully submitted,

*Eric Hooten*

Eric Hooten, pro se

Date: May 2, 2008